UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

**ROBERT MCLHINNEY** and
**SHERRY MCLHINNEY,**
321 Logan Court
Abingdon, MD 21009
*Harford County*

Plaintiffs,

vs.

**GC SERVICES, LIMITED PARTNERSHIP**,
6330 Gulfton St., Suite 300
Houston, Texas 77081

and **DOES 1 to 10, inclusive**,

Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**

**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**

**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]**

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. Robert McLHinney and Sherry McLHinney (Plaintiffs) bring this action against GC Services, Limited Partnership (Defendant) to seek redress for Defendant's alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). The FDCPA prohibits debt collectors

- 1 -

from engaging in abusive debt collection practices. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3.   Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this District because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff in this District, Defendant transacts business in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4.   Robert McLHinney and Sherry McLHinney (Plaintiffs) are individuals residing in Abingdon, Harford County, Maryland 21009. Plaintiffs

are natural persons obligated or allegedly obligated to pay any debt and, as such, Plaintiffs are "consumer[s]" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. GC Services, Limited Partnership (Defendant) is a foreign company, registered under the laws of the State of Delaware. Upon information and belief, Defendant's principle place of business is 6330 Gulfton, Houston, Texas 77081. Upon information and belief, Defendant's Registered Agent for Service of Process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Maryland. Thus, Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues them by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8.   Upon information and belief, within one year prior to the filing of this action, Defendant contacted Plaintiffs to collect a debt originally incurred with Credit One Bank, N.A. (alleged debt). Upon information and belief, the allege debt arose from a consumer credit card. Upon information and belief, the alleged debt is identified by account number ending in 0296.

9.   Upon information and belief, the alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.   Upon information and belief, at all times relevant to this action, Defendant contacted Plaintiffs for the purpose of collecting the alleged debt.

11.   Upon information and belief, at all times relevant to this action, Defendant contacted Plaintiffs at Plaintiffs' cellular telephones, numbers (443) 910-1046 and (443) 910-1145.

12.   Upon information and belief, at all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (410) 670-4750

and (410) 650-4674.  Upon information and belief, at all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone numbers (410) 670-4750 and (410) 650-4674 for the purpose of collecting the alleged debt.

13.	Upon information and belief, within the one year prior to the filing of this action, Defendant caused Plaintiffs' telephone to ring or engaged Plaintiffs in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass Plaintiffs.

14.	Upon information and belief, between March 21, 2013 and April 20, 2013, Defendant called Plaintiffs no less than two hundred and fifty (250) times for the purpose of collecting the alleged debt.

15.	Upon information and belief, within one year prior to the filing of this action, Defendant regularly called Plaintiffs multiple times over the course of one day for the purpose of collecting the alleged debt.  For instance, upon information and belief, on or about April 16, 2013, Defendant called Plaintiffs no less than eighteen (18) times for the purpose of collecting the alleged debt.   Upon information and belief, on or about the following days Defendant called Plaintiffs no less than sixteen (16) times over the course of one day for the purpose of collecting the alleged debt:

(a)	April 6, 2013

1    (b)    April 7, 2013

2    (c)    April 9, 2013

3    (d)    April 10, 2013

4    (e)    April 11, 2013

5    16.    Upon information and belief, within one year prior to the filing of this action, Defendant regularly called Plaintiffs once and then called Plaintiffs again immediately thereafter.  For example, on or about April 16, 2013, Defendant called Plaintiffs at the following times:

   (a)    8:24 a.m. and 8:24 a.m.

   (b)    8:50 a.m. and 8:51 a.m.

   (c)    9:27 a.m. and 9:27 a.m.

   (d)    10:40 a.m. and 10:41 a.m.

   (e)    11:35 a.m. and 11:36 a.m.

   (f)    3:05 p.m. and 3:06 p.m.

   (g)    3:48 p.m. and 3:49 p.m.

   (h)    4:47 p.m. and 4:48 p.m.

   (i)    5:13 p.m. and 5:13 p.m.

On or about April 18, 2013, Defendant called Plaintiffs at the following times:

1  (a) 8:06 a.m. and 8:07 a.m.

2  (b) 11:50 a.m. and 11:51 a.m.

3  (c) 2:37 p.m. and 2:38 p.m.

4  (d) 6:05 p.m. and 6:05 p.m.

5

6  17.  Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiffs.

8  18.   Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

10  19.  At all times relevant to this action, while conducting business in Maryland, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

16  20.   Upon information and belief, at all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

21. Upon information and belief, Defendant regularly called Plaintiffs' cellular telephones, numbers (443) 910-1046 and (443) 910-1145, using an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1).

22. Upon information and belief, Defendant never received consent call Plaintiffs' cellular telephones, numbers (443) 910-1046 and (443) 910-1145, using an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1).

23. Upon information and belief, Defendant did not have an emergency purpose, as defined by 47 U.S.C. § 227 (b)(1)(A), for calling Plaintiffs' cellular telephones, numbers (443) 910-1046 and (443) 910-1145, using an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1).

24. Upon information and belief, Defendant knew that calling Plaintiffs' cellular telephones, numbers (443) 910-1046 and (443) 910-1145, using an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) was in violation of the TCPA. Upon information and belief, on multiple occasions, Defendant willfully and/or knowingly violated the TCPA.

///

///

## FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

25. Plaintiffs incorporate herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(b) Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(c) Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

27. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CAUSE OF ACTION

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

29. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

30. On multiple occasions, Defendant violated TCPA 47 U.S.C. § 227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

31. On multiple occasions, Defendant knowing and/or willfully violated the TCPA.

32. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- 10 -

COMPLAINT FOR DAMAGES

33.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant violated the FDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b) An injunction prohibiting Defendant from contacting Plaintiffs at their cellular phones using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. § 227(b)(3)(B); and

(d) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and request five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and request treble

COMPLAINT FOR DAMAGES

damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g)  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(h)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)  For such other and further relief as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action

Dated:  June 11, 2013                    RESPECTFULLY SUBMITTED,

By: /s/ L. Jeanette Rice
L. Jeanette Rice, Esq.  12933
Walsh, Becker, Moody & Rice
14300 Gallant Fox Lane, Suite 218
Bowie, MD 20715
Telephone: (301)262-6000
Direct Dial: (240) 544-1485
Fax: (301)262-4403
riceesq@walshbecker.com
*Attorney for Plaintiffs,*
*Robert McLHinney & Sherry McLHinney*